1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEC ZARELLI,

Plaintiff,

v.

ENCOMPASS INSURANCE
COMPANY,

Defendant.

CASE NO. C15-5607 BHS

ORDER GRANTING
PLAINTIFF'S MOTION TO
REMAND

13

14

15

16

This matter comes before the Court on Plaintiff Alec Zarelli's ("Zarelli") motion
to remand (Dkt. 13).  The Court has considered the pleadings filed in support of and in
opposition to the motion and the remainder of the file and hereby grants the motion for
the reasons stated herein.

17

**I. PROCEDURAL AND FACTUAL BACKGROUND**

18

19

20

21

22

On August 4, 2014, Zarelli's wife was driving on Pacific Highway in Fife,
Washington.  Dkt. 1-2 ("Comp.") ¶ 1.8.  An uninsured motorist hit the right side of
Zarelli's car.  *Id.*  Zarelli's car was worth less after it was repaired than before the
accident.  *Id.* ¶ 1.9.

1    Zarelli had an automobile insurance policy with Defendant Encompass Insurance

2  Company ("Encompass"). *Id.* ¶ 1.2. Zarelli sought underinsured motorist coverage

3  under his Encompass policy. *Id.* ¶¶ 1.10, 4.3. Zarelli alleges that Encompass did not

4  compensate him for the diminished value of his car. *Id.* ¶¶ 1.10–1.11.

5    On July 28, 2015, Zarelli filed a class action complaint against Encompass in

6  Pierce County Superior Court. *Id.* ¶ 1.1. Zarelli claims that Encompass has continuously

7  failed to adjust losses to include diminished value. *Id.* ¶ 1.7. Zarelli seeks to certify a

8  class entirely of Encompass insureds:

9        All ENCOMPASS insureds with Washington policies issued in
         Washington State, where the insured's vehicle damages were covered under
10        Underinsured Motorist coverage, and
            1.    the repair estimates on the vehicle (including any
11                 supplements) totaled at least $1,000; and
            2.    the vehicle was no more than six years old (model year plus
12                 five years) and had less than 90,000 miles on it at the time of
                   the accident; and
13            3.    the vehicle suffered structural (frame) damage and/or
                   deformed sheet metal and/or required body or paint work.
14        Excluded from the Class are (a) claims involving leased vehicles or
       total losses, and (b) the assigned Judge, the Judge's staff and family.

15  *Id.* ¶ 5.3. Zarelli alleges that the number of class members will be about 316 and the

16  average damages will be about $1,460 per class member. *Id.* ¶ 2.4. Based on these

17  numbers, Zarelli alleges the amount in controversy is $461,360. *Id.* Zarelli asserts a

18  breach of contract claim and a Washington Consumer Protection Act claim. *Id.* ¶¶ 6.1–

19  6.10. Zarelli seeks compensatory damages and statutory attorney fees under RCW

20  4.84.015. *Id.* ¶¶ 1.1, 7.1.

21

22

On August 27, 2015, Encompass removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Dkt. 1.  Encompass's notice of removal asserts that all CAFA requirements are satisfied.  *See id.*

On September 28, 2015, Zarelli moved to remand and requested attorney fees. Dkt. 12.  On October 26, 2015, Encompass responded.  Dkt. 13.  On October 28, 2015, Encompass filed supplemental authority.  Dkt. 14.  On October 30, 2015, Zarelli replied. Dkt. 15.  On November 2, 2015, Encompass filed a surreply.  Dkt. 17.

## II. DISCUSSION

Zarelli moves to remand, arguing Encompass has failed to demonstrate that the amount in controversy exceeds CAFA's jurisdictional requirement of $5,000,000.[1]  Dkt. 12.

### A.    CAFA Removal Standard

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action."  *Allen v. Boeing Co.,*784 F.3d 625, 628 (9th Cir. 2015).  CAFA vests federal district courts with original jurisdiction over class actions involving more than 100 class members, minimal diversity, and at least $5,000,000 in controversy, exclusive of interests and costs.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 552 (2014) (citing 28 U.S.C. § 1332(d)).  A defendant seeking removal under CAFA must file a notice of removal "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a); *see also Dart*

---

[1] It is undisputed that this case satisfies CAFA's numerosity and minimal diversity requirements.

1  *Cherokee*, 135 S. Ct. at 551.  The burden of establishing removal jurisdiction remains on

2  the party seeking removal.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685

3  (9th Cir. 2006).  There is no presumption against removal under CAFA.  *Dart Cherokee*,

4  135 S. Ct. at 554.

5  **B.      Amount in Controversy**

6           To satisfy CAFA's amount in controversy requirement, the removing defendant

7  must plausibly allege in the notice of removal that the amount in controversy exceeds

8  $5,000,000.  *Id.*  If the plaintiff challenges the defendant's allegation, the defendant must

9  then establish by a preponderance of the evidence that CAFA's amount in controversy

10  requirement has been satisfied.  *Id.*

11          The preponderance of the evidence standard is not daunting, and only requires that

12  the defendant "provide evidence establishing that it is '*more likely than not*' that the

13  amount in controversy exceeds [$5,000,000]."  *Korn v. Polo Ralph Lauren Corp.*, 536 F.

14  Supp. 2d 1199, 1204 (E.D. Cal. 2008) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102

15  F.3d 398, 404 (9th Cir. 1996)).  Nevertheless, "CAFA's requirements are to be tested by

16  consideration of real evidence and the reality of what is at stake in the litigation, using

17  reasonable assumptions underlying the defendant's theory of damages exposure."  *Ibarra*

18  *v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).  Both parties may submit

19  evidence outside the complaint, including affidavits, declarations, or other summary-

20  judgment-type evidence.  *Id.* at 1197.  "Under this system, a defendant cannot establish

21  removal jurisdiction by mere speculation and conjecture, with unreasonable

22  assumptions."  *Id.*

In determining the amount in controversy, the Court first looks to the complaint. *Id.* Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938). In his complaint, Zarelli alleges that the number of class members will be 316 and the average damages will be $1,460 per class member.  Comp. ¶ 2.4.  Based on these numbers, Zarelli alleges compensatory damages will total $461,360.  *Id.*

Encompass does not challenge the amount of compensatory damages pled in Zarelli's complaint.  *See* Dkts. 1, 13.  Instead, Encompass contends that the amount in controversy exceeds $5,000,000 because the figure should include (1) treble damages, (2) attorney fees, and (3) the compensatory damages at issue in *Kogan v. Allstate*, U.S. District Court, Western District of Washington Case No. C15-5559-BHS.  Dkts. 1, 13.

Assuming without deciding that the amount in controversy should include treble damages and attorney fees, the inclusion of treble damages and attorney fees does not increase the amount in controversy to over $5,000,000.  Zarelli alleges compensatory damages will total $461,360—an amount Encompass does not contest.  When compensatory damages are trebled, the amount in controversy increases from $461,360 to $1,384,080.  With regard to attorney fees, Encompass asserts that attorney fees will total $1,365,012.  Dkt. 1 at 19.  Assuming Encompass' fee calculation should be adopted, the addition of attorney fees brings the amount in controversy from $1,384,080 to $2,749,092.  This amount is well below CAFA's jurisdictional requirement of $5,000,000.

1    Thus, Encompass's basis for removal jurisdiction hinges on the inclusion of the

2    compensatory damages at issue in *Kogan*.  *Kogan* is another diminished value suit

3    initiated by Zarelli's counsel that is currently pending before this Court.  The *Kogan*

4    plaintiffs filed a class action complaint against Allstate Fire and Casualty Insurance Co.

5    ("Allstate") in state court, which Allstate removed to this Court under CAFA.  C15-5559,

6    Dkt. 1.  The *Kogan* plaintiffs seek to certify a class entirely of Allstate insureds.  C15-

7    5559, Dkt. 1-2 ¶ 5.3.  The Court recently denied the *Kogan* plaintiffs' motion to remand,

8    finding that Allstate satisfied its burden of showing the amount in controversy exceeds

9    $5,000,000.  C15-5559, Dkt. 22.  Notably, Allstate did not argue that the compensatory

10   damages in *Zarelli* should be included in *Kogan*'s amount in controversy calculation.  *See*

11   C15-5559, Dkts. 1, 16.  It is undisputed that Allstate and Encompass are members of the

12   same corporate family.

13   Encompass argues that Zarelli's counsel filed piecemeal lawsuits against members

14   of the same corporate family, and therefore the Court should add the compensatory

15   damages in *Kogan* to the amount in controversy in this case.  Dkt. 13 at 9.  While the

16   Court aggregates the claims of individual class members in the same suit to determine

17   whether the amount in controversy exceeds $5,000,000, *see* 28 U.S.C. § 1332(d)(6),

18   Encompass seeks to aggregate the claims of different plaintiffs in a separate suit against a

19   different defendant to satisfy its burden under CAFA in this case.

20   To support its argument, Encompass primarily relies on two out-of-circuit cases:

21   *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008), and *Proffitt v.*

22   *Abbott Laboratories*, No. 08-CV-151, 2008 WL 4401367 (E.D. Tenn. Sept. 23, 2008).

1   Dkt. 13 at 13–14.  Both cases involved plaintiffs who split their claims against one

2   defendant into multiple suits covering discrete time periods to avoid triggering CAFA's

3   amount in controversy requirement.

4         In *Freeman*, the plaintiffs divided their nuisance suit against a paper mill into "five

5   separate suits covering distinct six-month time periods," and limited "the total damages

6   for each suit to less than CAFA's $5 million threshold."  551 F.3d at 406.  The Sixth

7   Circuit determined the five suits should be treated as one suit worth up to $24.5 million

8   because the plaintiffs splintered their lawsuits for "no colorable reason."  *Id.* at 409.  The

9   court limited its holding "to the situation where there is no colorable basis for dividing up

10  the sought-for retrospective relief into separate time periods, other than to frustrate

11  CAFA."  *Id.*

12        Similarly, in *Proffitt*, the plaintiff divided its antitrust suit into "eleven lawsuits

13  that [were] identical except for the time periods that they allege[d] to cover."  2008 WL

14  4401367, at *1.  These time divisions were "completely arbitrary."  *Id.* at *2.  Moreover,

15  each of the eleven complaints included a disclaimer limiting damages to $4,999,000.  *Id.*

16  The court determined the eleven suits should be treated as one suit because they all

17  involved "one alleged conspiracy, one plaintiff, [and] one defendant."  *Id.* at *5.  The

18  court further explained there was "no justification for dividing one alleged drug

19  conspiracy involving one defendant into eleven lawsuits under these circumstances other

20  than to circumvent the CAFA and federal court jurisdiction."  *Id.* at *5.

21        Unlike the plaintiffs in *Freeman* and *Proffitt*, Zarelli has not filed identical

22  lawsuits artificially splintered by time against the same defendant.  Instead, Zarelli's

ORDER - 7

counsel has filed two diminished value suits on behalf of two sets of plaintiffs based on which company issued the relevant insurance policy.  Although *Kogan* and *Zarelli* are similar, each suit has different plaintiffs, different proposed class members, and different defendants.  Under these circumstances, the Court declines to aggregate the compensatory damages in *Kogan* with the compensatory damages in this case.

Without the compensatory damages in *Kogan*, the amount in controversy in this case does not exceed $5,000,000.  Even assuming treble damages and attorney fees should be included, the amount in controversy only totals $2,749,092.  Because Encompass has not met its burden of establishing removal jurisdiction under CAFA, the Court grants Zarelli's motion and remands this case.

## C.   Attorney Fees

Having granted Zarelli's motion to remand, the Court turns to Zarelli's request for attorney fees incurred as a result of removal.  Dkt. 12 at 19.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Although it is a close call, the Court is unable to conclude that Encompass lacked an objectively reasonable basis for removing this case.  The Court therefore denies Zarelli's request for attorney fees.

1

**III. ORDER**

2       Therefore, it is hereby **ORDERED** that Zarelli's motion to remand (Dkt. 12) is

3    **GRANTED**.  Zarelli's request for attorney fees (Dkt. 12) is **DENIED**.  This action is

4    **REMANDED** to Pierce County Superior Court.

5       Dated this 17th day of November, 2015.

6

7                                       _____

BENJAMIN H. SETTLE

8                                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22